Black, J., dissenting: I agree with the holding of the majority that a part of the deficiency for each taxable year- was due to fraud, with intent to evade tax, that fraud penalties should be assessed, and that none of the deficiencies are barred by the statute of limitations. I do not agree with the majority opinion where it holds that, because petitioner was convicted in a United States District Court of having employed a scheme to obtain money by false pretenses in the sale of securities by the use of the mails and interstate communications, he is estopped to claim that the money which he received from the so-called “PLs” represented loans and was not taxable income. It does not seem to me that the facts detailed by the majority represent a proper situation for the application of the doctrine of estoppel by judgment — a doctrine which I think should be sparingly applied in tax cases. See Commissioner v. Sunnen, 333 U. S. 591. However, the majority opinion, after holding that estoppel by judgment is applicable, says: “Moreover, we hold on all the facts that petitioner had income from the ‘PLs’ and ‘CDs’ and not mere proceeds of loans.” With this latter conclusion I am in agreement, though not agreeing to the estoppel by judgment holding of the majority. I dissent from the majority opinion wherein it holds that petitioner is taxable on certain portions of the salaries paid by Golden Braid Costume Co. to Josephine T. Drew and Mrs. B. M. Mason and disallowed by the Commissioner as deductions in computing the net taxable income of the corporation. We do not have the corporation before us as a taxpayer, but I am assuming that the Commissioner was entirely correct in disallowing as deductions substantial parts of these salaries to the corporation. But that still leaves me unable to see why the disallowed parts of these salaries should be taxed to petitioner. Josephine T. Drew and Mrs. B. M. Mason appear to have been, during the periods in question, the principal stockholders of the corporation. Whatever salaries it paid them, even though very much in excess of the value of the services which they actually rendered the corporation, were taxable to them. Indeed, the findings of fact of the majority inform us that these two women did include the entire amount of the salaries paid them in their own income tax returns and paid taxes thereon. Under the facts stated, I think this was proper. The Commissioner has not determined that the corporate entity of Golden Braid should be disregarded and that it should be regarded as merely the alter ego of petitioner. He apparently has taxed it in each of the taxable years in question as any other corporation would be taxed. I, therefore, am unable to understand the logic of the maj ority which holds that petitioner is taxable on all the salaries paid by the corporation to these two women, except that portion of their salaries which was allowed to the corporation as a deduction in determining its net income. From this holding of the majority opinion on this issue, I respectfully dissent. KeRn and Ahitodell, JJ., agree with this dissent.